# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MAHESWAR MIKKILINENI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 19-1391-CFC-SRF |
| | ) | |
| PAYPAL INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM ORDER**

At Wilmington this **29th** day of **October, 2019**, the court having considered plaintiff's October 11, 2019 letter submission (D.I. 29), requesting the undersigned judicial officer's recusal, IT IS HEREBY ORDERED that plaintiff's letter request is DENIED for the following reasons:

**1. Background.** On September 30, 2019, this matter was referred to the undersigned judicial officer. (D.I. 25) On October 1, 2019, the court issued an oral order advising the parties that the undersigned judicial officer was in private practice with the firm of Tybout, Redfearn & Pell for twenty-six years prior to her judicial appointment in 2012, and ordered that the parties meet and confer and, thereafter, inform the court on or before October 11, 2019, whether recusal was requested. On October 7, 2019, plaintiff Maheswar Mikkilineni ("Mr. Mikkilineni"), who proceeds *pro se*, filed a motion for reconsideration of the court's September 30, 2019 Order of Reference. (D.I. 26) On October 10, 2019, the court denied plaintiff's motion for reconsideration. (D.I. 27) On October 11, 2019, defendants PayPal, Inc., GoDaddy.com, LLC,

and the Government[1] submitted a letter informing the court that they did not request the undersigned judicial officer's recusal from this matter.[2] (D.I. 28) On the same day, Mr. Mikkilineni submitted a letter, suggesting that he requested the undersigned judicial officer's recusal from the matter.[3] (D.I. 29) For the following reasons, the court denies plaintiff's motion for recusal.

**2. Legal Standard.** The "decision of whether to recuse from hearing a matter lies within the sound discretion of the trial court judge." *United States v. Wilensky*, 757 F.2d 594, 599-600 (3d Cir. 1985). Under 28 U.S.C. § 144, recusal must occur "[w]henever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party." 28 U.S.C. § 144. A "substantial burden is imposed on the party filing an affidavit of prejudice to demonstrate that the judge is not impartial." *Sharp v. Johnson*, 2007 WL 3034024, at *1 (W.D. Pa. Oct. 15, 2007). In an affidavit of bias, the affiant has the burden of making a threefold showing: (1) the facts must be material and stated with particularity; (2) the facts must be such that, if true, they would convince a reasonable person that a bias exists; and (3) the facts must show that the bias is personal, as opposed to judicial, in nature. *See United States v. Thompson*, 483 F.2d 527, 528 (3d Cir. 1973); *Pi-Net Int'l, Inc. v. Citizens Fin. Grp., Inc.*, 2015 WL 1283196, at *6 (D. Del. Mar. 18, 2015).

---

[1] The Government jointly submitted this letter as the proposed substituted defendant for Director/Chandra X-Ray Center (CXC) for Astrophysics/Harvard & Smithsonian (CFA). (D.I. 28)
[2] Defendant Shijil TS/Sparksupport Infotech Pvt Lt. has not entered an appearance, and its position on recusal could not be determined. (D.I. 28)
[3] Plaintiff's letter at D.I. 29 refers to a string of emails as "Exhibit A." (D.I. 29) Within these emails, he notes that Judge Connolly referred this matter to "a Magistrate judge who was in private practice working with a Team of lawyers where Kristen Swift, Esq. works and represents PayPal." (*Id.*)

**3.** Section 455 provides that a judge is required to recuse herself "in any proceeding in which [her] impartiality might reasonably be questioned." 28 U.S.C. § 455(a). The test for recusal under section 455(a) is whether a "reasonable person, with knowledge of all the facts, would conclude that the judge's impartiality might reasonably be questioned," *In re Kensington Int'l Ltd.*, 368 F.3d 289, 296 (3d Cir. 2004), not "whether a judge actually harbors bias against a party," *U.S. v. Kennedy*, 682 F.3d 244, 258 (3d Cir. 2012). Under § 455(b)(1), a judge is required to recuse herself "[w]here [s]he has a personal bias or prejudice concerning a party." 28 U.S.C. § 455(b)(1). Under either subsection of section 455, the bias necessary to require recusal generally must derive from a source outside of the official proceedings. *See Liteky v. U.S.*, 510 U.S. 540, 554 (1994); *Selkridge v. United of Omaha Life Ins. Co.*, 360 F.3d 155, 167 (3d Cir. 2004) ("beliefs or opinions which merit recusal must involve an extrajudicial factor").

**4. Analysis.** Recusal, for a limited time period, is required in cases involving attorneys from the judicial official's former law firm. *See* Committee on Codes of Conduct Advisory Opinion No. 24. However, such recusals are usually limited to a period of two years from the time of the judicial appointment, so this does not reasonably form a basis for recusal in the instant case. *See id.* ("The Committee recommends that judges consider a recusal period of at least two years ....").

**5.** Counsel for PayPal, Inc. works at Tybout, Redfearn & Pell, the law firm at which the undersigned judicial officer worked prior to her appointment to the bench in 2012.[4] Seven years have elapsed since the undersigned judicial officer's appointment and this matter was originally

---

[4] Counsel for PayPal graduated from Delaware Law School in 2014 and joined Tybout, Redfearn & Pell after the undersigned judicial officer's appointment in 2012. *See Kristen S. Swift*, TYBOUT, REDFEARN & PELL, https://www.trplaw.com/attorneys/kristen-s-swift (last visited Oct. 25, 2019). Therefore, attorney Swift has never worked in the law firm with the undersigned judicial officer.

filed on May 17, 2019. (D.I. 1, Ex. A) Therefore, recusal is not required. *See* 28 U.S.C. § 455(b)(2) (a judge is required to recuse herself "[w]here in private practice [she] served as a lawyer in the matter in controversy, or a lawyer with whom [she] previously practiced law served during such association as a lawyer concerning the matter."). Furthermore, plaintiff has not identified any evidence of personal bias or prejudice indicative of impartiality that would require recusal. *See Thompson*, 483 F.2d at 528. Therefore, the court denies plaintiff's motion for recusal.

6. **Conclusion.** For the foregoing reasons, plaintiff's motion for recusal is denied. (C.A. No. 19-1391, D.I. 29) The Clerk of Court shall cause a copy of this Memorandum Order to be mailed to Plaintiff.

7. This Memorandum Order is filed pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(a), and D. Del. LR 72.1. *See Robinson v. Horizon Blue Cross Blue Shield of New Jersey*, 674 F. App'x 174, 178 n.3 (3d Cir. 2017) (citing *Selkridge v. United of Omaha Life Ins. Co.*, 360 F.3d 155, 166 (3d Cir. 2004) (review of motion for recusal)). The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Memorandum Order. Fed. R. Civ. P. 72(a). The written objection and response are each limited to five (5) pages. The failure of a party to object to legal conclusions may result in the loss of the right to de novo review in the District Court. *See Sincavage v. Barnhart*, 171 F. App'x 924, 925 n.1 (3d Cir. 2006); *Henderson v. Carlson*, 812 F.2d 874, 878-79 (3d Cir. 1987).

8. The parties are directed to the court's Standing Order In Pro Se Matters For Objections Filed Under Fed. R. Civ. P. 72, dated October 9, 2013, a copy of which is available on the court's website, http://www.ded.uscourts.gov.

Dated: October 29, 2019

Sherry R. Fallon
United States Magistrate Judge