IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| MAHESWAR MIKKILINENI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 19-1391-CFC/SRF |
| | ) | |
| PAYPAL, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM**

Pending before me are Plaintiff's objections (D.I. 32) to the Magistrate Judge's recommendations that I grant the United States' motion to substitute the United States of America in place of named Defendant Director/Chandra X-ray Center (CXC) for Astrophysics Harvard & Smithsonian (CFA) ("the CXC Director") (D.I. 3) and deny Plaintiff's two motions for discovery (D.I. 5; D.I. 13). The Magistrate Judge made these recommendations in the Report and Recommendation ("Report") she issued on January 28, 2020 (D.I. 31). The Magistrate Judge also recommended in her Report that I grant the United States' motions to dismiss (D.I. 4; D.I. 11), deny Defendant GoDaddy.com LLC's motion to transfer or alternatively to dismiss (D.I. 8), and grant in part and deny in part Plaintiff's motions to remand (D.I. 14; D.I. 20). Plaintiff, who is *pro se*, objects to

the Magistrate Judge's recommendation that I grant the United States' motion to dismiss, but only insofar as that recommendation is based on the Magistrate Judge's recommendation to grant the United States' motion to substitute party. *See* D.I. 32 at 5 ("I agreed then, and I agree now that 'this court lacks jurisdiction' if my present-case was/is against Smithsonian and/or US, or against *program-director of CXC*—but it is not.") (emphasis in original). No party has objected to the Magistrate Judge's remaining recommendations and therefore I will adopt them.

The Magistrate Judge had the authority to make her findings and recommendations with respect to the United States' motion to substitute party and Plaintiffs' discovery motions under 28 U.S.C. § 636(b)(1)(A). I review those findings and recommendations "using the clearly erroneous or contrary to law standard." *N.L.R.B. v. Frazier*, 966 F.2d 812, 816 (3d Cir. 1992). Under that standard, the Magistrate Judge's factual determinations will stand unless they are "completely devoid of minimum evidentiary support . . ., or . . . bear[ ] no rational relationship to the supportive evidentiary data." *Masimo Corp. v. Philips Elec. N. Am. Corp.*, 62 F. Supp. 3d 368, 388 (D. Del. 2014) (citation omitted). I review the Magistrate Judge's legal conclusions *de novo*. *N.L.R.B.*, 966 F.2d at 816.

Plaintiff makes two objections. He argues first that the Magistrate Judge's

rulings should be overturned because she did not convene a hearing before issuing her Report. D.I. 32 at 2. In support of this argument, Plaintiff cites my Order of Reference, which, consistent with the language of 28 U.S.C. § 636(b), designated the Magistrate Judge to "hear and determine all motions." D.I. 25 at 1. "Hear," however, in the context of a referral order under § 636(b) means "consider" and does not require the Magistrate Judge to entertain oral argument. *Cf. Anchorage Assocs. v. Virgin Islands Bd. of Tax Review*, 922 F.2d 168, 176 (3d Cir. 1990) (holding that "while [Federal] Rule [of Civil Procedure] 56 speaks of a 'hearing,' we do not read it to require that an oral hearing be held before judgment is entered").

Plaintiff seems to suggest that he was entitled to oral argument at a hearing under the Fifth Amendment's Due Process Clause. But there is no constitutional right to such a hearing. *See, e.g., Greene v. WCI Holdings Corp.*, 136 F.3d 313, 316 (2d Cir.1998) ("[W]e find no merit in [appellant's] claim that a dismissal of a complaint without an oral hearing violates due process."); *United States v. One 1974 Porsche 911–S Vehicle Identification No. 9114102550*, 682 F.2d 283, 286 (1st Cir.1982) ("There is no constitutional right to oral argument on a summary judgment motion."); *Dayco Corp. v. Goodyear Tire & Rubber Co.*, 523 F.2d 389, 391 (6th Cir.1975) (denial of an oral hearing before granting a motion to dismiss

does not violate "fundamental notions of fairness and due process of law"); *Spark v. Catholic Univ. of Am.*, 510 F.2d 1277, 1280 (D.C. Cir.1975) ("[D]ue process does not include the right to oral argument on a motion"); *Dredge Corp. v. Penny*, 338 F.2d 456, 464 n. 14 (9th Cir.1964) ("The opportunity to be heard orally on questions of law is not an inherent element of procedural due process, even where substantial questions of law are involved.").

Under Federal Rule of Civil Procedure 78(b), "[b]y rule or order, the court may provide for submitting and determining motions on briefs, *without oral hearings*." (Emphasis added.) Local Rule 7.14 provides that "[o]ral argument on any motion may be scheduled upon the application of a party" and that "[a]n application for oral argument may be granted or denied, in the discretion of the Court." D. Del. LR 7.14. Plaintiff submitted briefing in support of his discovery motions (D.I. 5; D.I. 13; D.I. 18) and in opposition to the United States' motions (D.I. 13; D.I. 18), but he made no application for oral argument. It is also clear from the Report that oral argument was not necessary for the Magistrate Judge to determine the findings of fact and conclusions of law necessary for her recommendations. Accordingly, I will overrule Plaintiff's objection that the Magistrate Judge erred by not conducting a hearing.

Plaintiff next argues that the Magistrate Judge's recommendations were

4

erroneous because the CXC Director is an employee of Harvard University, a private institution, as opposed to the Smithsonian Institute, an agency of the United States. D.I. 32 at 4. But, as the Magistrate Judge explained, the United States Attorney certified that the CXC Director was an employee of the Smithsonian Institute and acting within the scope of her employment at the time of the incidents that gave rise to Plaintiff's lawsuit. D.I. 31 at 9–10. Plaintiff provided no specific facts to rebut that certification, and therefore the Magistrate Judge correctly concluded that discovery was not warranted and that the United States should be substituted as a party. *See Schrob v. Catterson*, 967 F.2d 929, 935 (3d Cir. 1992) (noting that "the Attorney General's certification, although subject to judicial review, is *prima facie* evidence that the employee's challenged conduct was within the scope of employment" and, if this certification is disputed, "the burden then shifts to the plaintiff, who must come forward with specific facts rebutting the certification"). Accordingly, I will overrule Plaintiff's second objection.

Having determined that both of Plaintiff's objections should be overruled, I will adopt the Magistrate Judge's Report and Recommendation, grant the United States' Motion to Substitute Party (D.I. 3) and motions to dismiss (D.I. 4; D.I. 11),

deny Defendant GoDaddy's motion to transfer or alternatively to dismiss (D.I. 8), and grant in part and deny in part Plaintiff's motions to remand (D.I. 14; D.I. 20).

The Court will issue an Order consistent with this Memorandum.

_____
UNITED STATES DISTRICT JUDGE