IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE



Maheswar Mikkilineni,
    Plaintiff
v.                              CA No. 19-1391 CFC

PayPal, Inc.; Shijil TS et.al;
Godaddy.com LLC; Director CXC.
    Defendants.

**Plaintiff's Reply to US attorney's Response to Magistrate's R&R**

US response mailed on 2/18/20 is received to plaintiff on 2/21/20 (hand-delivery by USPS Rep.)—seem like, it takes 3-days to arrive from Wilmington to Newark.

US didn't respond to my 'Specific Objections to Magistrate Judge R & R, especially to the Q: 'Why dismissal with Prejudice'?

However, US did argue making some-points which require Reply—see below:

US Point 1.
Plaintiff filed a lawsuit.. against defendant.. Director/Chandra X-Ray Center for Astrophysics/Harvard & Smithsonian (CfA) (p.2). On July 26, 2019, on behalf of defendant Director, US removed.. action to the US Dist. Court.. (p.2).

My reply:
I filed a lawsuit.. against "Director/Chandra X-Ray Center (CXC) for Astrophysics/Harvard & Smithsonian (CfA), (Independent Contractor to NASA) 60 Garden St., Cambridge, MA 02138".

I didn't file a lawsuit against the '*program* director at CXC', an individual, who maybe an employee of SAO, per Brissenden Decl., *deputy* director of SAO—who reports to a lone 'Director *Charles Aclock* of CfA or SAO/HCO & CXC', an individual employee of Harvard, not of Smithsonian or SAO.

See evidence in CfA website or in my '**Motion to Remand the Case into State court**' filed in this court on Aug. 26, 2019, with evidence—for ready reference I attach Exb. MR.

That evidence, alone, clearly disputes/challenges the scope certification of US attorney, and a 'hearing' on a 'motion to remand' (to be) held before a trial under 42 USC @233(c). In fact, The Honorable Judge of this court Order of September 30, 2019 states:
"Judge Fallen shall conduct all proceedings and hear and determine all motions."

Contrary to the clear principle of the 'Rule of Law', in my case the magistrate judge completely disregarded the law under 42 USC @233(c) and the Order of Honorable Judge of this court.

Now, the US attorney argues almost like the astronomers/scientists have been doing—after genius Kepler & Newton were gone ~400 years ago.

US Point 2.
SAO received a contract from NASA...Brissenden Decl. (p.2).
Director of CXC (caption of Amended Complaint) is a Smithsonian employee (p.2). Plaintiff sued an employee of the Smithsonian .. when she engaged in the communication.. that serves as the basis for plaintiff's claim (p.6).

My reply:
This court-record shows, I disputed that "SAO received a contract from NASA", because it didn't on its own, that makes Brissenden Decl. "false"—NASA contract is with CfA (joint-venture of HCO-SAO) with a lone "Director *Charles Aclock*".
I didn't sue an employee of the Smithsonian.

The *program*-director at CXC, Belinda Wilkes, for the 1st time, in an email on July 29, 2019*-see Exb. P1 (3-days after US attorney filed a 'Notice of Removal' on July 26, 2019 & before I received a copy of that filing on July 30, 2019), states:
"Your question on the review of your Chandra proposal was forward to me"

That email didn't say 'who forwarded my question to her or why after 'Notice of Removal'?
I sent several other emails, earlier—some were answered by CXC clerical-staff, and most were never answered.
Also, in this email she claims as if she is a director at CXC—thus, concealed her true identity as a 'program-office director', a deceit on this court and *pro se*.

*This email was received to me at ~12pm. By that time, I was ready with an amended-complaint to file in the state-court in response to PayPal & Godaddy; then, I added the fact at 4.2(v) based on Dr.Wilkes email, in a hurry & typed email date as 7/25/19 in error, and filed the pleading at 2.23pm.

Moreover, the court-record is clear that the US attorney's 'Notice of Removal' was filed on 7/26/2019 in "bad-faith" to deceive this court and *pro se*: hence, upon my pointing out of those 'bad-faith acts in my prior-pleadings, that US attorney was replaced by another attorney, abruptly—however, US attorney didn't amend or correct prior 'misrepresentations' made in this court, such as—

. Attaching incorrect process papers, praecipe/summons, pursuant to Rule 11 of the FRCP under 28 USC @1446(a)—thus, concealed properly serviced praecipe/summons by Sec. State of Delaware on July 16, 2019. Then,

. On July 26, 2019, knowingly "misrepresented" to this court and *pro se* that—
"At this time of the filing of this Notice of Removal, plaintiff has not yet served the complaint, summons, or any of the ancillary documents on the defendant Director CXC… or on the US".

Thereafter, before I received the Notice of Removal (on July 30, 2019), the US attorney and/or the Harvard-lawyer made the '*program*-director at CXC', Belinda Wilkes, to send me an email on July 29, 2019, for the 1st time, as if she is the 'director of CXC'.
Thus, manufactured evidence to deceive this court and *pro se* and/or to conceal evidence as to who, actually, accepted the service of process from Sec. State of Delaware on July 16, 2019.

Hence, a hearing and discovery is required in this matter.
The magistrate judge denied a 'hearing and discovery' nor consider disputed-facts in the court-record and decided in favor US dismissing my complaint with *prejudice* as if *pro se* asking for justice is a bad-faith act.

US Point 3.
Plaintiff was not entitled to discovery to challenge the scope certification, (p.1). Judge Fallen.. denied Plaintiff's motions for discovery on the issue of scope certification, (p.3). .. the Magistrate judge could only permit discovery if the certification is based on a different understanding of the facts that is reflected in (plaintiff's) complaint (p.6).

My reply:
The evidence in the court-record as stated in my reply at points 1 & 2, makes it clear that the 'certification' of US attorney is the issue in dispute—

-4-
it is not only "based on a different understanding of the facts.. in (my) complaint" by US attorney, but, also, it is based on a 'manufactured' evidence, such as:

. Creating a 'new-director at CXC out of a *program* office director of CXC',
. Making the 'new-director send me an email on July 29, 2019', and
. Hiding a lone 'Director *Charles Aclock*' out of sight in this process.

Therefore, a hearing and discovery is required on the issue of scope certification.

US Point 4.
Local Rule 72.1, a magistrate judge may hear and determine non-dispositive motions and may recommend decisions to the Court on dispositive motions. (In) a pretrial motion, district court should review using the clearly erroneous or contrary to law standard (and).. judge must not reverse a magistrate judge's decision unless the magistrate's factual determinations are completely devoid of minimum evidentiary support…or bear no rational relationship to the supportive evidentiary data (p.3).

My reply:
As stated in my reply at points 1-3 and the evidence provided in the pretrial motions, the district court should review magistrate judge decisions 'using the clearly erroneous or contrary to law standard', and the court must reverse magistrate judge's decision in this matter, because the 'magistrate's factual determinations are completely devoid of minimum evidentiary support or bear no rational relationship to the supportive evidentiary data'.

US Point 5.
Both discovery motions and motions to substitute a party are non-dispositive pretrial matters (p.4). Finding of fact are reviewed only for clear error, justifying reversal only if the court is left with the definite and firm conviction that a mistake has been committed (p.5).

My reply:
As stated in my reply at points 1-3 and based on the evidence provided in my pleadings/motions, it is clear the magistrate judge's finding of fact, if any, is erroneous—hence, the court should review my pleadings/motions and evidence, and reverse the decisions because, magistrate judge has committed a mistake in denying discovery without a hearing in the matter.

-5-

US Point 6.
Defendant Director CXC is an employee of the Smithsonian, .. an attorney general's certification, although subject to judicial review, is prima facie evidence.. David C. Weiss, US attorney .., certified and through the civil chief, that defendant Director of CXC was an employee of the Smithsonian.. Given .., the burden then shifts to the plaintiff, who must come forward with specific facts rebutting the certification (p.5). Instead, plaintiff filed a motion for discovery on the issue of certification, arguing, without evidentiary support, that defendant Director CXC is not an employee of the Smithsonian (p.5). .. mere argument is not sufficient to warrant the grant of discovery on the issue of scope certification (p.6). Indeed, discovery is largely limited to situations where there is a factual dispute which would decide the scope of employment issues, as the crux of the certification dispute (p.6). .. the Magistrate judge could only permit discovery if the certification is based on a different understanding of the facts that is reflected in (plaintiff's) complaint (p.6).

My reply:
As stated in my reply at points 1-3, "there is a factual dispute"—see CfA website which clarifies on the issue of Director:

. A lone Director *Aclock* at CfA (joint-venture of HCO-SAO) and Director at HCO & SAO, an employee of Harvard,
. A deputy-Director *Brissenden* at SAO, employee of Smithsonian, and
. A program office director at CXC, which is part of CfA whose Director is *Aclock*.

I didn't sue the *program* office director at CXC—instead, I sued the lone 'Director at CfA or the Director at HCO-SAO & CXC.

As stated in my reply at points 1-3, the US attorney misrepresented to the court that I sued the 'program office director CXC', knowing, I named the 'Director/CXC for CfA'—so, the magistrate judge didn't 'allow a hearing nor permit discovery to find evidence', and decided erroneously in favor of US by dismissing my complaint with prejudice.

US Point 7.
US could not locate any case .. the statute that would require, in every instance .., the magistrate judge to hold a hearing. Plaintiff's reading of the statute is not grounded in any legal precedent (p.7).

My reply:
The magistrate judge disregarded:

. Rule 11 of the FRCP under 28 USC @1446(a) where US attorney knowingly misrepresents evidence,
. 42 USC @233(c) where it mandates the district court for a hearing at a pretrial motion on disputes of certification under 28 CFR @15.4, and
. This court order of September 30, 2019 ".. shall conduct all proceedings and hear and determine.."

Yet, US attorney can't locate or see a statute or law to hold a hearing by magistrate judge.

Conclusion:
Therefore, I request the Honorable Judge to reverse Magistrate Judge decision and allow a hearing and/or order discovery on the question 'who is the proper party to sue in the matter'—whether it is the lone 'Director at CfA (HCO-SAO & CXC)' or the 'program office director at CXC'?

Respectfully,
Sd-
M.R.Mikkilineni
Plaintiff          Date 02/24/2020     attached: Exb.-P1 & Exb.-MR

Certificate of Service:

I, Maheswar Mikkilineni, certify that a true and correct copy of this pleading sent on 02/24/2020 by email to:
'Dailey, Derick (USADE)' <Derick.Dailey@usdoj.gov>; kswift@trplaw.com; gfischer@cozen.com; 'Communications, Civil (CIV)' Civil.Communications@usdoj.gov; amy.goodman@delaware.gov
And, filed a hard-copy with the Clerk of Superior-Court of Delaware.
Sd-
M.R.Mikkilineni

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

Maheswar Mikkilineni,
    Plaintiff

v.                      CA No. 19-1391 CFC

PayPal, Inc.; Shijil TS et.al;
Godaddy.com LLC; Director CXC.
    Defendants.

**Plaintiff Motion to Remand the Case into State court**

Honorable Judge:

In reference to my 8/21/2019 Sur-Reply to US Response/Reply & Godaddy Reply (of 8/15/2019), on 8/24/2019, I discovered new-Facts in the Website "CfA Harvard-Smithsonian Center For Astrophysics":

<u>HCO Home</u>

Director's Office (DO)

    **About Us**
    The Director's Office of the Harvard-Smithsonian Center for Astrophysics (CfA) provides leadership and administrative direction to the CfA and consists of the Director *Charles Alcock* of the Harvard College Observatory (HCO) and of the Smithsonian Astrophysical Observatory (SAO) and his staff. The Director's Office oversees the science, technical service, and administrative service groups.
    **Staff**
    Who does what?
    **Contact**
    **Director:** *Charles Alcock* (617) 495-7100
    Assistant to the Director: Susan Hessenthaler (617) 495-7102
    **Deputy Director:** *Roger Brissenden* (617) 495-7387
    (Continued……………………..)
    <u>Advancement</u> <u>Contacts</u> <u>Dept. of Astronomy</u> <u>Director's Office</u> <u>Intranet</u> <u>Privacy Resources</u>
    HARVARD-SMITHSONIAN CENTER FOR ASTROPHYSICS | 60 GARDEN STREET | CAMBRIDGE, MA 02138

Click on 'Who does what?' <u>Director's Office</u>: Who Does What: We find more about Director & Deputy Director: Director *Alcock* is an employee of Harvard U.
*Charles Alcock* (617-495-7100) is Director of the Harvard-Smithsonian Center for Astrophysics, Director of the Smithsonian Astrophysical Observatory, Director of the Harvard College Observatory, and Professor of Astronomy at Harvard University. Dr. Alcock is also the principal investigator for the Taiwan-America Occultation Survey.

Exb. MR

*Roger Brissenden* (617-495-7387) is Deputy Director for the Harvard-Smithsonian Center for Astrophysics. Dr. Brissenden is also the Manager of the Chandra X-ray Center and Associate Director for NASA's High Energy Astrophysics Science Archive Research Center.

SAO Home
08/16/2019

............

The Smithsonian Astrophysical Observatory (SAO) is a "research institute" of the Smithsonian Institution. It is joined with the Harvard College Observatory (HCO) to form the Harvard-Smithsonian Center for Astrophysics (CfA). Because these research activities share Harvard and Smithsonian staff and resources, the links at this website will take you to information posted on the "CfA" pages........(continued)

CENTER FOR ASTROPHYSICS | HARVARD & SMITHSONIAN
60 GARDEN STREET, CAMBRIDGE, MA 02138

*If we click on Director's Office, we get the same page/data like in HCO Home.
SAO Administration

> Technical Services
> Administrative Information Systems
> Central Engineering
> Computation Facility
> John G. Wolbach Library and Information Resource Center
> Model Shop
> Administrative Services
> Director's Office*
> Financial Management
> Human Resources
> Sponsored Programs and Procurement Department
> Travel and Special Events

CfA History
On July 1, 1973, the Smithsonian Institution and Harvard University formalized their collaboration as the Harvard-Smithsonian Center for Astrophysics (CfA) to coordinate the related research activities of the Harvard College Observatory (HCO) and Smithsonian Astrophysical Observatory (SAO) under *a single director**. Today, the two observatories retain their separate identities, each responsible to its parent organization; however, the *joint venture** draws on the coordinated strengths of the two organizations and the combined staffs in six research divisions.
**single director & joint venture* is critical--whether the *joint venture* is a 'contractor or agency' on the Contract with NASA is the issue?

If we search for more Data, we see the Chart (below)

### Chandra X-ray Center (CXC) Organization Chart
- Marshall Space Flight Center
  - Space Systems Programs & Projects Office
  - Martin C. Weisskopf - Project Scientist
  - Helen Cole - Project Manager
- Chandra X-ray Center Program Office*
  - Belinda Wilkes Director
  - Roger Brissenden Program Manager
  - Tom Aldcroft/Scott Wolk Flight Directors
  - Claude Canizares (Associate Director for MIT)

*Here, under program office, there is a director for science division

In this case at hand, I named the defendant as—
"Director/Chandra X-Ray Center (CXC) for Astrophysics/
Harvard & Smithsonian (CfA), (Independent Contractor to NASA)
60 Garden St., Cambridge, MA 02138"

I didn't name 'CXC Program Office Director' as a defendant—hence, it is the Director CfA, a single director for the *joint venture*: only a proper discovery will clarify which director/agent of Harvard & Smithsonian should be named in a suit. If CfA (HCO/SAO), the *joint venture*, has 'won' the contract from NASA, and it is that Team which is working with NASA under *a single director Alcock*', an employee of Harvard U—then, that *director* should be the defendant being an agent of the *joint-venture*, and in-charge of CXC Program Office.

This case is not against SAO/Smithsonian Institution (Agency of US). Or if the usage of word "Chandra X-Ray Center (CXC)" is a cause for confusion by US attorney, please allow me to 'strike' that or allow discovery to resolve it.

The '*joint-venture*' Team of HCO/SAO is working on the 'contract from NASA' as an independent contractor: so, this *joint-venture* or the single-Director can't be an 'agency' of US. Or if there is such a <u>law</u> from US Congress, the US attorney is free to disclose that to the Court and prove this '*joint venture*' between 'Harvard U & Smithsonian Institution' is an Agency of US. If not, the US attorney should withdraw its certification under 28 CFR @15.4(c): "a certification under this section may be *withdrawn*", and the entire case be remanded into the State court under 42 USC @233(c).

-4-

Therefore, plaintiff respectfully requests the Honorable Judge to remand the entire case into State court.

Respectfully,
Sd-
M.R.Mikkilineni
Plaintiff          Date 08/26/2019

Certificate of Service:

I, Maheswar Mikkilineni, certify that a true and correct copy of this pleading sent on 08/26/2019 by email to: kswift@trplaw.com; gfischer@cozen.com & shijil@sparksupport.com (Pvt. Ltd.)
. A copy filed in DE Superior Court.

Note: Per instructions of Mr. Bagett at US attorney on 8/15/2019, I didn't deliver these papers to US attorney.
Sd-
M.R.Mikkilineni

**Maheswar Mikki**

**Subject:**     Chandra proposal

**From:** Wilkes, Belinda [mailto:bwilkes@cfa.harvard.edu]
**Sent:** Monday, July 29, 2019 12:00 PM
**To:** stmmrv@verizon.net
**Cc:** Belinda Wilkes <bwilkes@cfa.harvard.edu>
**Subject:** Your Chandra proposal

Dear Mikki,

Your question on the review of your Chandra proposal was forward to me.

The identity of the reviewers for Chandra proposals is kept confidential so I am unable to give you (or anyone) their names. Panel members are drawn from the general astronomical community as experts in science categories and observing with Chandra, as is typical of all similar reviews throughout our community.

The grade of 0.0 assigned to your proposal is reserved for proposals that are not feasible to be made with the Chandra X-ray Observatory, as was stated in the report.
This grade is not assigned without discussion, review and agreement with CXC staff.

Chandra has a resolution of 0.5" and a very small field of view of up to 30', depending on instrument selection. As you know, we have a detailed website which describes our capabilities and the parameters of our instruments. Please refer to the Proposers' Observatory Guide for detailed information,

Your target does not have coordinates at which we can point to the accuracy required to ensure that it lies in our small field of view, it is also not demonstrated to be an X-ray source. I also note that Chandra observing time is over-subscribed by a factor of 5:1, so obtaining observing time is highly competitive.

With best regards,
Belinda Wilkes

**Dr. Belinda Wilkes**
*Director, Chandra X-ray Center*
*Senior Astrophysicist, Smithsonian Astrophysical Observatory*

617-495-7268

CENTER FOR
ASTROPHYSICS
HARVARD & SMITHSONIAN

Exb. P1

